BILL LOCKYER Attorney General MARC J. NOLAN Deputy Attorney General
THE HONORABLE DAVE JONES, MEMBER OF THE STATE ASSEMBLY, has requested an opinion on the following question:
May a city ordinance limit the use of play equipment that is designed for small children and located within an area of a city park known as a "tot lot" to the use of young children?
 CONCLUSION
A city ordinance may limit the use of play equipment that is designed for small children and located within an area of a city park known as a "tot lot" to the use of young children.
 ANALYSIS
Public Resources Code section 5193 authorizes a board of park commissioners to "pass and adopt ordinances which are necessary for the regulation, use, and government of the parks and grounds under its supervision, not inconsistent with the laws of the State." (See People v. Trantham (1984) 161 Cal.App.3d Supp. 1, 13 ["a local entity has exclusive jurisdiction over the management and control of its parks and may enact and enforce such regulations and rules that are necessary or appropriate to promote park purposes and to ensure the public's health, safety and welfare in the usage of its parks"].) Our Supreme Court has observed that "a city not only has the power to keep its streets and other public property open and available for the purpose to which they are dedicated, it has a duty to do so. [Citation.]" (Tobe v. City of Santa Ana (1995) 9 Cal.4th 1069, 1109.)
We are informed that a city council is considering whether to enact an ordinance that would, among other things, limit the use of play equipment that is located within an area of a city park known as a "tot lot." The equipment is designed for small children, and only young children would be allowed to use the equipment under the proposed ordinance. The intent of the ordinance would be to protect small children using the tot lot from injury that might occur, for example, should older children or adults use or damage the play equipment that is located there.[1] We conclude that the proposed restriction would be a valid exercise of the city's police power.
The general authority of cities and counties to adopt local ordinances and regulations is set forth in section 7 of article XI of the Constitution: "A county or city may make and enforce within its limits all local, police, sanitary, and other ordinances and regulations not in conflict with general laws." (See also Tobe v. City of Santa Ana, supra, 9 Cal.4th at p. 1109.) The exercise of this constitutional authority, often referred to as the "police power," is subject to the limitations that it be confined to the city's or county's territorial boundaries and be subordinate to state law; apart from these limitations, a city's or county's police power is as broad as the police power exercisable by the Legislature itself. (CandidEnterprises, Inc. v. Grossmont Union High School District (1985)39 Cal.3d 878, 885; Birkenfeld v. City of Berkeley (1976)17 Cal.3d 129, 140; 87 Ops.Cal.Atty.Gen. 148, 148-149 (2004); 85 Ops.Cal.Atty.Gen. 21, 21-22 (2002); 73 Ops.Cal.Atty.Gen. 28, 29-30 (1990).) An ordinance enacted under a city's or county's police power "will ordinarily be upheld if `it is reasonably related to promoting the public health, safety, comfort, and welfare, and if the means adopted to accomplish that promotion are reasonably appropriate to the purpose. [Citations.]'" (Sunset Amusement Co. v. Board of Police Comm. of the City ofLos Angeles (1972) 7 Cal.3d 64, 72.)
As a threshold matter, we believe that the proposed ordinance in question, designed to preserve the tot lot's equipment and protect the young children for whose use the equipment was designed, would be "reasonably related to promoting the public health, safety, comfort, and welfare." Further, we find that limiting use of the tot lot facilities to young children is a reasonably appropriate means of accomplishing that purpose. Indeed, the proposed ordinance is consistent with state law that requires playground operators, including state, city, and county agencies, to impose guidelines for the use of playgrounds that are "at least as protective as the guidelines in the Handbook for Public Playground Safety produced by the United States Consumer Products Safety Commission. . . ." (Health Saf. Code, §115725.) Among other things, that federal publication states: "It is recommended that for younger children, playgrounds have separate areas with appropriately sized equipment and materials to serve their developmental levels." (U.S. Consumer Product Safety Com., Handbook for Public Playground Safety, Pub. No. 325 (1997), § 6.3, p. 8.) Accordingly, the proposed ordinance would be consistent with the "general laws" for purposes of section 7 of Article XI of the Constitution. (See 87 Ops.Cal.Atty.Gen.,supra, at p. 149.)
However, the proposed ordinance would bar individuals above a certain age (e.g., five years old) from using the tot lot playground equipment, and we note that both the federal and state Constitutions guarantee all citizens the equal protection of the law. (U.S. Const., 14th Amend.; Cal. Const., art I, § 7.) Would the proposed ordinance violate the equal protection rights of those who are excluded from the tot lot play area facilities?
In answering this question, we are guided by the general principle that "the equal protection clause does not forbid classifications. [Citation.]" (People v. Health Laboratories ofNorth America, Inc. (2001) 87 Cal.App.4th 442, 448.) Rather, "[s]o long as the classification is not arbitrary but is based on some difference in the classes having a substantial relation to a legitimate object to be accomplished, Legislatures may make reasonable classifications of persons, businesses and activities. [Citation.]" (Ibid.)
An equal protection analysis of a given statute focuses first on whether the statute discriminates on the basis of a suspect classification, such as race or national origin, or whether it adversely affects the exercise of a fundamental right guaranteed by the United States Constitution. (See Hicks v. Superior Court
(1995) 36 Cal.App.4th 1649, 1657-1658; Burnett v. San FranciscoPolice Dept. (1995) 36 Cal.App.4th 1177, 1188-1190.) If so, the statute is subject to "strict scrutiny" and will only pass constitutional muster if the differential treatment it imposes is necessary and narrowly tailored to serve a compelling state interest. (See Bernardo v. Planned Parenthood Federation ofAmerica (2004) 115 Cal.App.4th 322, 365.) If not, the statute need only "bear `some rational relationship to a legitimate state purpose.'" (Burnett v. San Francisco Police Dept., supra,
36 Cal.App.4th at p. 1188, citing City of Dallas v. Stanglin
(1989) 490 U.S. 19, 23; San Antonio Independent School Dist. v.Rodriguez (1973) 411 U.S. 1, 40.)
Although the proposed city ordinance involves an age-based classification, age "is not recognized as a suspect classification under either the United States or California Constitutions." (Hicks v. Superior Court, supra,
36 Cal.App.4th at pp. 1657-1658, citing Massachusetts Bd. ofRetirement v. Murgia (1976) 427 U.S. 307, 313; In re Arthur W.
(1985) 171 Cal.App.3d 179, 186; Rittenband v. Cory (1984)159 Cal.App.3d 410, 418.) Nor has it ever been held that all individuals have some fundamental constitutional right to enter into and use facilities designed for the use of a particular segment of the population (Burnett v. San Francisco PoliceDept., supra, 36 Cal.App.4th at p. 1189 [18- to 20-year-old persons excluded from after-hours clubs under city ordinance have no fundamental right to associate with those 21 and older who are allowed to patronize such clubs])[2] or to occupy a public park without restriction (see Tobe v. City of Santa Ana,supra, 9 Cal.4th at pp. 1101-1103 ["no camping" restriction at public park does not implicate fundamental right to travel]; see also Doe v. City of Lafayette (7th Cir. 2004) 377 F.3d 757,772-773 [any "right" to enter public parks for innocent purposes cannot be considered "fundamental"]).
Thus, the proposed ordinance poses no equal protection concern so long as it is rationally related to a legitimate state purpose. With regard to this so-called "rational basis" test, the California Supreme Court in Kasler v. Lockyer (2003)23 Cal.4th 472, 4814-82, quoted from Warden v. State Bar (1999)21 Cal.4th 628, 644, as follows:
 ". . . . `As both the United States Supreme Court and this court have explained on many occasions, "[i]n areas of social and economic policy, a statutory classification that neither proceeds along suspect lines nor infringes fundamental constitutional rights must be upheld against equal protection challenge if there is any reasonably conceivable state of facts that could provide a rational basis for the classification. [Citations.] Where there are `plausible reasons' for [the classification] `our inquiry is at an end.'" [Citations.]'"
As stated earlier, we find that restricting the use of the tot lot playground equipment to young children is rationally related to the legitimate purpose of best maintaining the equipment for its intended use. Put another way, the city council may reasonably and plausibly conclude that the contemplated age restriction will result in safer play equipment and a safer play experience for the young children for whom the equipment was designed. The restriction, therefore, would not violate the equal protection rights of those excluded from using the tot lot facilities.
We conclude that a city ordinance may limit the use of play equipment that is designed for small children and located within an area of a city park known as a "tot lot" to the use of young children.
[1] The proposed ordinance includes the city council's finding that improper use of facilities designed for specific intended uses, such as tot lot playgrounds, "causes excessive damage to public recreational facilities and hinders those who wish to use the facilities for their intended use." The proposed ordinance states that its purpose is "to maximize the proper use of City-owned public recreational facilities, prevent excessive wear, damage, and deterioration of City-owned public recreational facilities, and maintain the availability of City-owned public recreational facilities for a variety of uses. . . ."
[2] Indeed, the lack of such a fundamental right is reflected in Penal Code section 653g, which provides in part:
 "Every person who loiters about any school or public place at or near which children attend or normally congregate and who remains at any school or public place at or near which children attend or normally congregate, or who reenters or comes upon a school or place within 72 hours, after being asked to leave by the chief administrative official of that school or, in the absence of the chief administrative official, the person acting as the chief administrative official, or by a member of the security patrol of the school district who has been given authorization, in writing, by the chief administrative official of that school to act as his or her agent in performing this duty, or a city police officer, or sheriff or deputy sheriff, or Department of the California Highway Patrol peace officer is a vagrant, and is punishable by a fine of not exceeding one thousand dollars ($1,000) or by imprisonment in the county jail for not exceeding six months, or by both the fine and the imprisonment."