[No. A066667. First Dist., Div. Four. July 18, 1995.]

ZARON BURNETT et al., Plaintiffs and Appellants, v.
SAN FRANCISCO POLICE DEPARTMENT et al., Defendants and
Respondents.

**COUNSEL**

Murray & Associates and Lawrence D. Murray for Plaintiffs and Appellants.

Louise H. Renne, City Attorney, Burk E. Delventhal and Thomas J. Owen, Deputy City Attorneys, for Defendants and Respondents.

**OPINION**

**ANDERSON, P. J.**—In this opinion, we must determine whether or not the City and County of San Francisco (City) may lawfully prevent persons between the ages of 18 and 20 from entering or remaining on the premises of after-hours clubs in the City. We conclude that the City may do so.

Article 15.2 of the San Francisco Police Code (SFPC) (§§ 1070 through 1070.25) establishes entertainment regulations for cabarets.[1] SFPC section 1070.16 precludes persons under the age of 21 from entering or remaining in cabarets in the City and requires cabaret owners to exclude persons under the age of 21 from their premises.[2]

Zaron Burnett, Sara Lee, Frank Chung, Dimitry Dunski, Melanie Day, Brooke McGowan, and Kris Walker are all over the age of 18 years and under the age of 21. Nssr. D. Zahriya is the owner and Jordan Wells is the manager of a licensed cabaret, Z & Z Entertainment. Burnett, Lee, Chung, Dunski, Day, McGowan, Walker, Zahriya, and Wells (collectively, appellants) challenge the right of the City, the San Francisco Police Department (SFPD) and Police Chief Anthony Ribera (collectively, respondents) to enforce SFPC section 1070.16.[3]

Appellants first assert that section SFPC 1070.16 is preempted by state law which sets the age of majority at 18 years. Appellants next offer a series of constitutional challenges to section 1070.16: they argue that the statutory scheme of which it is a part is vague and overbroad and that it denies them equal protection under the law. They then assert that section 1070.16 has been enforced in a discriminatory manner. They conclude by asserting that section 1070.16 violates the Unruh Civil Rights Act (Civ. Code, § 51 et seq.).

I. *SFPC Section 1070.16 Is Not Preempted by Family Code Provisions Establishing the Age of Majority*

■ Local legislation which conflicts with state law is preempted by the state law and is void. (*Sherwin-Williams Co.* v. *City of Los Angeles* (1993) 4 Cal.4th 893, 897 [16 Cal.Rptr.2d 215, 844 P.2d 534].) Such a conflict is

---

[1] As discussed more fully in part II.A., *infra*, a cabaret is defined as an establishment which is open from 2 a.m. to 6 a.m. and which serves food and/or beverages for consumption on the premises, or in which entertainment is furnished or occurs on the premises.

[2] SFPC section 1070.16 provides: "Minors. Except as provided in this Section, no person under 21 years of age shall enter, be, or remain in or on any premises operated as a cabaret. A licensee shall not permit such a person to enter, be, or remain in or on any such premises except on Friday and Saturday nights there shall be a one-half hour grace period, until 2:30 a.m., for the departure from cabarets of persons 18 to 21 years of age." Violation of any provision of article 15.2, including section 1070.16, constitutes a misdemeanor, punishable by a fine not to exceed $500 or by imprisonment in county jail for a period not to exceed six months, or by both such fine and imprisonment. (SFPC § 1060.25.)

[3] Appellants challenged SFPC section 1070.16 by way of a complaint for declaratory and injunctive relief and for damages. They have appealed from a final judgment entered against them following the trial court's ruling on respondents' and appellants' competing motions for summary judgment.

present where the local legislation "duplicates, contradicts, or enters an area fully occupied by general law, either expressly or by legislative implication." (*Candid Enterprises, Inc.* v. *Grossmont Union High School Dist.* (1985) 39 Cal.3d 878, 885 [218 Cal.Rptr. 303, 705 P.2d 876], internal quotation marks omitted.) "Local legislation is 'duplicative' of general law when it is coextensive therewith. [Citation.] [¶] Similarly, local legislation is 'contradictory' to general law when it is inimical thereto. [Citation.] [¶] Finally, local legislation enters an area that is 'fully occupied' by general law when the Legislature has expressly manifested its intent to 'fully occupy' the area [citation] or when it has impliedly done so in light of one of the following indicia of intent: '(1) the subject matter has been so fully and completely covered by general law as to clearly indicate that it has become exclusively a matter of state concern; (2) the subject matter has been partially covered by general law couched in such terms as to indicate clearly that a paramount state concern will not tolerate further or additional local action; or (3) the subject matter has been partially covered by general law, and the subject is of such a nature that the adverse effect of a local ordinance on the transient citizens of the state outweighs the possible benefit to the' locality [citations]." (*Sherwin-Williams Co.* v. *City of Los Angeles, supra,* 4 Cal.4th at pp. 897-898.)

Appellants first argue that SFPC section 1070.16 is in direct conflict with three provisions of the Family Code which fix the age of majority at 18. Family Code section 6500 provides that a "minor" is an individual who is under 18 years of age; Family Code section 6501 provides that an adult is an individual who is "18 years of age or older." Family Code section 6502, subdivision (a), provides: "The use of or reference to the words 'age of majority,' 'age of minority,' 'adult,' 'minor,' or words of similar intent in any instrument, order, transfer, or governmental communication made in this state: [¶] (1) Before March 4, 1972, makes reference to individuals 21 years of age and older, or younger than 21 years of age. [¶] (2) On or after March 4, 1972, makes reference to individuals 18 years of age and older, or younger than 18 years of age."[4]

Appellants argue that the effect of SFPC section 1070.16 is to define who has the legal status of an adult in direct conflict with sections 6500 and 6501 of the Family Code. We do not view section 1070.16 in such a light.

[4]Appellants have actually asserted that SFPC section 1070.16 conflicts with Civil Code sections 25, 27, and 25.1 which were in effect when they filed their complaint. Civil Code sections 25, 27, and 25.1 were replaced by Family Code sections 6500, 6501 and 6502, respectively, without substantive change; the Family Code sections became operative on January 1, 1994. We have chosen to address appellants' Civil Code arguments in the context of their Family Code successors.

■ Family Code sections 6500 and 6501 do serve to define minority and majority for certain significant legal purposes. As the Supreme Court noted in describing the purpose of (then) Civil Code section 26, determining the end of the period of minority "fix[es] the date of the legally important event by which all persons lose the privileges and disabilities of minors and assume the rights and duties of adults." (*Justus* v. *Atchison* (1977) 19 Cal.3d 564, 576 [139 Cal.Rptr. 97, 565 P.2d 122].)

■ SFPC section 1070.16 does not purport to define who is an adult and who is a minor in any fashion which conflicts with the Family Code. Section 1070.16 merely regulates who may be on the premises of after-hours clubs in the City after 2 a.m.[5] As such, there is no direct conflict between SFPC section 1070.16 and the Family Code.

Appellants next argue that the enactment of Family Code section 6502, subdivision (a), constitutes express legislative occupation of the entire field of who may be accorded the rights and obligations of adults in California. Because SFPC section 1070.16 denies certain rights to those who have reached the age of majority under the Family Code, appellants reason that it invades a field fully occupied by the Legislature and is, thus, void.

Our reading of Family Code section 6502, subdivision (a), is much narrower than the one urged on us by appellants. In our view, if the Legislature had intended that no local governmental body enact an ordinance, restricting the rights of persons 18 years of age or older for any purpose, it would have done so clearly and explicitly. The declared purpose of Family Code section 6502, subdivision (a), was to establish uniform meaning when the words reflected therein are used in any "*instrument, order, transfer or governmental communication.*" (Italics added.) Here, we are concerned with a local ordinance—a matter not even addressed in section

---

[5] We note that section 1070.16 does bear the heading "MINORS." However, section 9 of the enacting Ordinance of the San Francisco Municipal Code (Ord. No. 1.07) specifically provides that headings in the code "shall not be deemed to govern, limit, modify or in any manner affect the scope, meaning or intent of the provisions of any Part, Chapter, Article, Section or Subsection of the said Municipal Code." Such a provision precludes reliance upon the language of a heading for purposes of construing the statute. (*In re Halcomb* (1942) 21 Cal.2d 126, 130 [130 P.2d 384].) We note, as well, that the ordinance distinguishes between those persons who have not reached the age of majority under the Family Code and those who have by providing a later exit time for the latter on Fridays and Saturdays. Thus, we see no attempt on the part of the City to somehow "redefine" the age of majority.

6502. In sum, we find no merit in appellants' argument of express preemption.[6]

Appellants' final argument is that the Legislature has impliedly occupied the entire field dealing with the rights of adults in California and that SFPC section 1070.16 must fail in light of such occupation. The problem with appellants' argument is that they misconstrue the subject matter of SFPC section 1070.16. The subject of article 15.2 of the SFPC is the regulation of cabarets; section 1070.16 establishes a minimum age requirement for those who may be in a cabaret after 2 a.m. Appellants have cited no provision of state law dealing with the regulation of cabarets generally, or the minimum age for persons entering cabarets specifically. Simply put, appellants have provided no authority for the proposition that the Legislature has even partially occupied the field which is the subject of article 15.2 and section 1070.16 of the SFPC. As such, their implied preemption argument must be rejected.

## II.   *SFPC Sections 1070 and 1070.16 Are Not Constitutionally Infirm*

### A.   *SFPC Sections 1070 and 1070.16 Are Not Unconstitutionally Vague*

Appellants' first constitutional challenge to article 15.2 of the SFPC relates to SFPC section 1070 which defines certain terms used throughout the article. Under section 1070, subdivision (a), a "cabaret" is defined as "premises to which patrons or members are admitted or which allows patrons or members to remain on the premises between the hours of 2:00 a.m. and 6:00 a.m. which serves food, beverages, or food and beverages, including but not limited to, alcoholic beverages, for consumption on the premises or wherein entertainment as defined in subsections (b) and (c) is furnished or occurs upon the premises." Subdivision (b) initially defines "entertainment" as "[a]ny act, play, review, pantomime, scene, song, dance act, song and dance act, or poetry recitation, conducted or participated in by

---

[6]Appellants also note that section 1 of chapter 1748 of the Statutes of 1971 (the same act that changed the age of majority in the Civil Code from 21 to 18) provides: "Except for the provisions relating to the minimum . . . age . . . for the sale, purchase or consumption of alcoholic beverages, the provisions relating to the sentencing and commitment of persons to the Department of the Youth Authority, or the provisions relating to veterans' benefits, whenever, in any provision of law, the term '21 years of age' or any similar phrase regarding such age appears, it shall be deemed to mean '18 years of age.' " Appellants argue that the noted section somehow amended ("altered") the provisions of all *local* ordinances, including section 1070.16. We do not believe that the Legislature intended that the uncodified measure cited by appellants should "trump" all local ordinances containing the words "21 years of age." Because we find that the Legislature did not intend such a result, we need not consider whether or not the Legislature could do so under the California Constitution.

any professional entertainer in or upon any premises to which patrons or members are admitted." However, "entertainment" is also defined under subdivision (b) to "mean and include the playing upon or use of any instrument that is capable of or can be used to produce musical sounds or percussion sounds, including but not limited to, reed, brass, percussion or string-like instruments; provided, further, that 'entertainment' is defined to mean any instrument or device capable of producing or reproducing sound, which device is located in a premises open between the hours of 2:00 a.m. and 6:00 a.m."

■ Appellants argue that the definition of "entertainment" in SFPC section 1070 is so vague as to provide SFPD with a vehicle for discriminatory enforcement against groups or individuals which meet with SFPD's displeasure. Appellants assert that telephones, alarm clocks, public address systems, "or even sticks which could strike together producing a sound" seemingly fall within the definition of "entertainment" under section 1070 and that, accordingly, grocery stores, all-night fitness centers, and "every building in San Francisco" fall within the definition of a "cabaret" subject to regulation under article 15.2.

■ "The starting point of our analysis is 'the strong presumption that legislative enactments "must be upheld unless their unconstitutionality clearly, positively, and unmistakably appears. [Citations.] A statute should be sufficiently certain so that a person may know what is prohibited thereby and what may be done without violating its provisions, but it cannot be held void for uncertainty if any reasonable and practical construction can be given to its language." ' [Citation.]" (*Williams* v. *Garcetti* (1993) 5 Cal.4th 561, 568 [20 Cal.Rptr.2d 341, 853 P.2d 507].)

■ In determining a "reasonable and practical" construction for SFPC section 1070 (and, thus, the provisions of article 15.2), we note that the words employed in a statute must be construed in the context in which they are found, " 'keeping in mind the nature and obvious purpose of the statute where they appear.' [Citations.]" (*Moyer* v. *Workmen's Comp. Appeals Bd.* (1973) 10 Cal.3d 222, 230 [110 Cal.Rptr. 144, 514 P.2d 1224].) Here, it is abundantly clear that article 15.2 of the SFPC is designed to regulate after-hours nightclubs—places which provide or permit "entertainment," as that term is used in common parlance, as well as the specific forms of entertainment described in subdivision (b) of section 1070. For example, section 1070.10 regulates attire in cabarets; section 1070.11 regulates lighting; and section 1070.13 provides standards for the construction and maintenance or booths in cabarets. In sum, a "reasonable and practical" construction of article 15.2 limits its application to after-hours nightclubs—and not

"every building in San Francisco." Thus, we reject appellants' argument that section 1070 (and, impliedly, all of article 15.2) is unconstitutionally vague.[7]

### B. *SFPC Section 1070 Is Not Overbroad*

Appellants next assert that SFPC section 1070 (and, again, impliedly, the entire statutory scheme of article 15.2) is overbroad. Their argument here is similar to their vagueness argument: section 1070 "covers every restaurant, grocery store, aerobic studio, all-night copy center, hotel lobby, convenience store, midnight basketball, bus terminal, and any place open to the public during the morning hours having a device capable of producing sound on the premises, which includes virtually every building in the city."

"In order to successfully challenge a statute as overbroad, a party 'must demonstrate from the text of the [statute] and from actual fact that a substantial number of instances exist in which [the statute] cannot be applied constitutionally.' [Citation.] '[T]he mere fact that one can conceive of some impermissible applications of a statute is not sufficient to render it susceptible to an overbreadth challenge.' [Citation.] Rather, 'there must be a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court.' [Citation.]" (*People* v. *Hernandez* (1991) 231 Cal.App.3d 1376, 1382 [283 Cal.Rptr. 81].)

Appellants assert that application of SFPC article 15.2 to the establishments described above will adversely affect the rights of younger adults to travel—"a fundamental right." Appellants contend that a young adult could violate the provisions of SFPC section 1070.16 by stopping for gas or entering a hotel in search of accommodations.

Appellants' argument misses the mark because the hypothetical situations they envision are just that—hypotheticals. Appellants present no "actual

---

[7]Appellants also assert that SFPC section 1070.6, which prevents cabarets licensed under article 15.2 from being used "solely for the purpose of conducting a private club between the hours of 2:00 a.m. and 6:00 a.m." is unconstitutionally vague. However, appellants' application to add a challenge to section 1070.6 to their complaint was *withdrawn*. Appellants offer no explanation for their withdrawal of that potential challenge below, nor do they assert that this question is purely one of law and one with significant public policy implications which merit our addressing them for the first time on appeal. Accordingly, we decline to consider appellants' challenge to section 1070.6. (*Sea & Sage Audubon Society, Inc.* v. *Planning Com.* (1983) 34 Cal.3d 412, 417 [194 Cal.Rptr. 357, 668 P.2d 664].)

fact[s]" to establish that the statutory scheme embodied in SFPC article 15.2 cannot be applied constitutionally. As noted in part I.A., *supra*, article 15.2 is designed to regulate after-hours nightclubs. As so limited, it does not reach the conduct hypothesized by appellants, and it is not unconstitutionally overbroad. (*Broadrick* v. *Oklahoma* (1973) 413 U.S. 601, 613 [37 L.Ed.2d 830, 840-841, 93 S.Ct. 2908].) If respondents seek to apply the provisions of article 15.2 to persons who are not in after-hours nightclubs or to establishments other than after-hours nightclubs, the persons and establishments in question may bring their own challenges to the SFPC.

## C.   *SFPC Section 1070.16 Does Not Deny Appellants Equal Protection*

■  Appellants[8] next contend that SFPC section 1070.16 denies them equal protection of the laws under the Fourteenth Amendment to the United States Constitution and article I, section 7, of the California Constitution. They further contend that, because the ordinance restricts their exercise of a fundamental right of association and assembly, it must be subjected to strict scrutiny. We begin our analysis with the latter assertion.

In *Dallas* v. *Stanglin* (1989) 490 U.S. 19 [104 L.Ed.2d 18, 109 S.Ct. 1591], the Supreme Court considered an ordinance enacted by the City of Dallas which restricted entry to certain dance halls ("Class E" dance halls) to persons between the ages of 14 and 18 years. A Class E dance hall owner (Stanglin) challenged the ordinance on equal protection grounds. His challenge was upheld by the trial court but rejected by the Texas Court of Appeals. (*Id.* at pp. 22-23 [104 L.Ed.2d at pp. 23-24].)

■  The Supreme Court resolved the question of the level of judicial scrutiny to be applied by noting that "[u]nless laws 'create suspect classifications or impinge upon constitutionally protected rights' . . . it need only be shown that they bear 'some rational relationship to a legitimate state purpose.' " (*Dallas* v. *Stanglin, supra*, 490 U.S. at p. 23 [104 L.Ed.2d at pp. 24-25], citing *San Antonio School District* v. *Rodriguez* (1973) 411 U.S. 1, 40 and 44 [36 L.Ed.2d 16, 47, 49-50, 93 S.Ct. 1278], citations omitted.) Stanglin asserted that the Dallas ordinance interfered with the associational rights of his patrons—rights which are protected under the Constitution.

■  The Supreme Court rejected Stanglin's argument. The court first noted that two forms of "freedom of association" are protected by the United

---

[8]All equal protection arguments are advanced solely on behalf of appellants Burnett, Lee, Chung, Day, McGowan, and Walker.

States Constitution: (1) the right to make choices about entering into and maintaining certain intimate human relationships and (2) the right to associate for the purpose of engaging in activities protected by the First Amendment—speech, assembly, petition for the redress of grievances, and the exercise of religion. (*Dallas* v. *Stanglin, supra,* 490 U.S. at p. 24 [104 L.Ed.2d at p. 25], citing *Roberts* v. *United States Jaycees* (1984) 468 U.S. 609, 617-618 [82 L.Ed.2d 462, 471, 104 S.Ct. 3244].)

The *Stanglin* court rejected out of hand the concept that dance hall patrons engage in the first form of protected association. The court then noted that large groups of people, who are not members of any organized association and are strangers to one another and who are patrons of a business establishment, do not engage in the second form of protected association. Accordingly, the Supreme Court applied a "rational-basis" analysis to the Dallas ordinance. (*Dallas* v. *Stanglin, supra,* 490 U.S. at pp. 24-25 [104 L.Ed.2d at p. 25].)

■ We see no meaningful distinction between the "freedom of association" claims advanced by Stanglin on behalf of his patrons and those advanced by appellants in the case at bench. Accordingly, we examine SFPC section 1070.16 to determine whether or not the classification in question bears some rational relationship to a legitimate state purpose.[9]

According to Deputy Police Chief Thomas Petrini, enforcement of SFPC section 1070.16 is required to permit the City "to regulate the operation of after-hours clubs, protect both younger adults and the general community, and prevent more serious crimes and problems." Sergeant Stephen Bosshard is the nightclub liaison for the City's Southern Police District. It has been his experience that "establishments offering entertainment and dancing, particularly to a younger group of patrons, present the most problems for law enforcement and for the neighborhood." He has also observed that "clubs that cater to 18- to 21-year-olds have more trouble with patrons and other persons who congregate outside the clubs." In addition, he has concluded that "under-age clubs cause many more calls for police services and thoroughly tax the department's resources. Although not all 18-year olds are troublemakers and not all adults are saints, as a group the under-21 patrons

---

[9]Appellants also contend that age is a "suspect" classification which should cause us to apply a "strict scrutiny" analysis. They are wrong. (*Rittenband* v. *Cory* (1984) 159 Cal.App.3d 410, 418 [205 Cal.Rptr. 576].)

of the clubs causes [*sic*] more trouble and requires [*sic*] more police services and expenditures of City resources."[10]

In response to respondents' statements about the purpose for enactment and enforcement of SFPC section 1070.16, appellants advance three arguments. They first claim that respondents have failed to show that the ordinance is tailored to address "a problem that exists within this specific age group" (18 through 20). They then argue that the effect of the ordinance——forcing younger adults outside the clubs where trouble most often occurs—is counter-productive to its stated purposes. They finally argue that the ordinance does not represent "the least burdensome approach" to the problems addressed by it. Appellants' arguments lack merit.

As to their first argument, the declarations of Chief Petrini and Sergeant Bosshard make it clear that special problems arise in after-hours clubs with patrons over the age of 17 but under the age of 21. Their second argument does not present a question for the courts to resolve. While it may well be true that enforcement of the ordinance brings about certain undesirable results, the choice regarding the method of achieving the goals of the ordinance is solely a matter of legislative concern. (*In re Weber* (1906) 149 Cal. 392, 395 [86 P. 809].) Finally, appellants present no authority for the proposition that the City must choose the least burdensome solution to the problems described by Chief Petrini and Sergeant Bosshard. Nor have appellants presented any "less burdensome" solutions for our consideration.

In sum, the distinction made in the ordinance between younger adults (18 through 20) and older adults (21 and over) does bear some rational relationship to a legitimate state purpose (prevention of crime, in general, and protection of younger adults, in particular). Accordingly, appellants' equal protection arguments must be rejected.

### D.  *Appellants Have Failed to Make Out a Case of Discriminatory Enforcement*

Appellants' next assertion is that SFPC sections 1070 and 1070.16 have been selectively enforced against them. Appellants Wells and Zahriya first

---

[10]Chief Petrini and Sergeant Bosshard offered declarations in opposition to appellants' motion to enjoin enforcement of SFPC section 1070.16 in the trial court. Because both sides have indicated that there are no factual disputes which should affect our analysis, we have considered the Petrini and Bosshard declarations as uncontradicted reasons for the City's enactment and enforcement of section 1070.16.

argue that after-hours clubs, such as theirs, have been singled out for enforcement, when all-night fitness centers, supermarkets, and other businesses have not been prosecuted for allowing 18-, 19- and 20-year-olds on their premises after 2 a.m. Appellants' argument rests on a faulty foundation—that article 15.2 applies to such establishments.[11] Appellants Wells and Zahriya made no showing before the trial court and make no argument on appeal that their club has been singled out for enforcement, while other after-hours clubs have been left alone. In sum, appellants Wells and Zahriya have failed to make out a prima facie case of selective enforcement of sections 1070 and 1070.16.

Appellants Burnett, Lee, Chung, Dunski, Day, McGowan and Walker assert that the City enforces SFPC section 1070.16 against "a lifestyle which it perceives as part of a 'rave'" and that they have been singled out for enforcement of section 1070.16 because they are members of a "suspicious class." Appellants' arguments are unavailing. It is dispositive of their arguments that they introduced no evidence in the trial court that they were prosecuted for violation of section 1070.16, when other persons of their age in other establishments described in section 1070 (as interpreted herein) were not.[12]

### III.  SFPC Section 1070.16 Does Not Violate, Nor Does It Force Appellants to Violate, the Unruh Civil Rights Act

Appellants' final two arguments are offered in the alternative: (1) SFPC section 1070.16 violates the Unruh Civil Rights Act (Act); or (2) SFPC section 1070.16 is invalid because it forces businesses such as Z & Z Entertainment to violate the Act. Appellants' arguments reflect a misunderstanding of the Act.

First, appellants offer no authority for the proposition that the Act by its own terms or even by implication precludes governmental entities from enacting legislation which makes distinctions between adults on the basis of age. By its plain language, the Act bars discrimination based on "sex, race, color, religion, ancestry, national origin, or disability" by "*business establishments.*" (Civ. Code, § 51, italics added.) Nothing in the Act precludes

---

[11]See analysis in part II.A., *supra.*

[12]Our review of the record leads us to conclude that *no* one between the ages of 18 and 20, including any of the appellants, has been cited or arrested by SFPD for violation of SFPC section 1070.16. (Only appellant Wells has been cited for allowing persons between 18 and 20 years of age on the premises of Z & Z Entertainment after 2 a.m.)

*legislative bodies* from enacting ordinances which make age distinctions among adults.

Appellants' second argument is also resolved by reference to the Act: "This section shall not be construed to confer any right or privilege on a person which is *conditioned or limited by law* . . . ." (Civ. Code, § 51, italics added.) Simply put, appellants Wells and Zahriya may not be held accountable under the Act for following the dictates of SFPC section 1070.16 which "limit[s]" access to their establishment "by law."

## IV. *Conclusion*

In sum, all of appellants' challenges to SFPC sections 1070 and 1070.16 are without merit. The judgment is affirmed.

Perley, J., and Reardon, J., concurred.

Appellants' petition for review by the Supreme Court was denied October 18, 1995.