Filed 12/18/15

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO


| | |
|---|---|
| BRIAN C. HARRISON, | |
| Plaintiff and Appellant, | E062604 |
| v. | (Super.Ct.No. PSC1404672) |
| CITY OF RANCHO MIRAGE, | OPINION |
| Defendant and Respondent. | |


APPEAL from the Superior Court of Riverside County. John G. Evans, Judge. Affirmed.

Law Offices of Kenneth C. Gregory, Kenneth C. Gregory and Mark R. Foster for Plaintiff and Appellant.

Law Offices of Quintanilla & Associates, Steven B. Quintanilla and Joseph A. Meeks, City Attorney, for Defendant and Respondent.

On July 31, 2014, defendant and respondent City of Rancho Mirage (City), through the Rancho Mirage City Council, passed Ordinance Number 1084 (Ordinance 1084), which amended the City's municipal code that provided rules and regulations for

1

renting private homes as short-term vacation rentals. Among other things, it required that a person over the age of 30 sign a contract agreeing to be the responsible person for the rental and ensuring that all of the occupants follow the rules and regulations regarding vacation rentals, in order to minimize the negative secondary effects on the surrounding residential neighborhoods.

Plaintiff and appellant Brian C. Harrison owned a condominium in the City. Harrison filed a Complaint for Declaratory Relief and Preliminary and Permanent Injunction (Complaint) alleging that Ordinance 1084 violated California's Unruh Civil Rights Act (Unruh Act), which prohibits a business establishment from discriminating in housing or other accommodations on the basis of age. The City filed a demurrer contending that the Unruh Act did not apply to legislation by the City.

After hearing the matter, the trial court granted the City's demurrer without leave to amend. Harrison essentially claims on appeal that the trial court erred by sustaining the demurrer without leave to amend because his Complaint stated sufficient facts to constitute a cause of action for a violation of the Unruh Act.

## FACTUAL AND PROCEDURAL HISTORY

"When considering an appeal from a judgment entered after the trial court sustained a demurrer without leave to amend, we 'accept as true all well-pleaded facts in the complaint and give a reasonable construction to the complaint as a whole.' [Citations.] In addition, we may consider matters that are properly the subject of judicial notice, and were considered by the trial court." (*La Serena Properties v. Weisbach* (2010) 186 Cal.App.4th 893, 897.)

2

A.    COMPLAINT FOR DECLARATORY RELIEF AND PRELIMINARY

AND PERMANENT INJUNCTION

Harrison filed his Complaint on September 2, 2004, on the basis that the City's

mandatory minimum-age requirement for the lease of short-term vacation housing

violated the Unruh Act.  He alleged he was the owner of property located at 108 Avenida

Las Palmas in Rancho Mirage.  This property was permitted as a short-term vacation

rental and was subject to the ordinances and regulations enacted by the City.  Harrison

alleged that Rancho Mirage was a popular vacation destination and that many vacationers

choose to rent homes or condominiums rather than "cramped, crowded, and sometimes

much more expensive hotels."

On July 31, 2014, the City passed Ordinance 1084, which modified the existing

Rancho Mirage Municipal Code section 3.25 regulating short-term vacation rentals in

Rancho Mirage.  It provided that prior to occupation by the vacationer,  a "Responsible

Person" must sign a contract/lease agreeing to ensure that all occupants follow the rules

and regulations in section 3.25 to help minimize any negative effects on the surrounding

area.  Ordinance 1084 increased the age of the responsible person from 21 to 30 years.  It

did not ban all persons under the age of 30 from occupying the vacation rental.

Ordinance 1084 became effective September 1, 2014.

Harrison contended that the age restriction was a violation of the Unruh Act.

Harrison relied upon Civil Code[1] sections 51 and 51.2, which provided that a business

---

[1]  All further statutory references are to the Civil Code unless otherwise indicated.

3

establishment could not discriminate on the basis of age for the sale or rental of housing. Harrison contended that short-term vacation rental houses were a business establishment based on their nature and having to pay Transient Occupancy Taxes (TOT). Ordinance 1084 clearly violated the Unruh Act by requiring that a person who was under the age of 30 years find a person to sign a lease on a short-term vacation rental agreement in order to rent a vacation home in Rancho Mirage. Harrison relied upon *Marina Point v. Wolfson* (1982) 30 Cal.3d 721, pages 730 through 731[2] that the Unruh Act applied to "'all business establishments of every kind whatsoever.'"

Harrison claimed, "[t]he Rancho Mirage amended short-term vacation rental ordinance requires each vacation rental owner to risk a lawsuit every time a potential renter is turned down because of age. Plaintiff would be the party sued." Under section 52, Harrison claimed that he could be liable for up to three times the actual damages, but in no case less than $4,000.

Harrison's first cause of action was for declaratory relief. He insisted he would be subject to fines, penalties, civil actions or proceedings pursuant to the Unruh Act. Ordinance 1084 was preempted by California law and was arbitrary, capricious and without any justification allowed by law. Harrison alleged, "A judicial determination is necessary and appropriate at this time so that Plaintiff and other similarly situated

---

[2] *Wolfson* involved a suit by tenants against their landlord, who sought to evict them because they had a minor child in their apartment and the apartment complex had a no-children policy. (*Marina Point v. Wolfson*, *supra*, 30 Cal.3d. at pp. 724, 726-727.) The appellate court found that such policy by the apartment complex violated the Unruh Act. (*Id*. at pp. 736-746.)

homeowners in Rancho Mirage (and individuals under the age of 30) may ascertain their respective rights relative to age discrimination subject to the requirements of the Unruh Civil Rights Act."

Harrison's second cause of action sought preliminary and permanent injunctive relief. Harrison stated that he had a "Hobson's choice" of either enforcing Ordinance 1084 or violating the Unruh Act. Harrison would suffer irreparable injury because he would be prohibited from advertising his property for rent; he would incur loss of income and ability to pay for the property; and his rights and interests as a property owner in the lawful use of his property as a business enterprise were abridged.

Harrison sought in his prayer for relief, a preliminary or permanent injunction enjoining the City from enforcing any restriction on short-term vacation rentals to those under the age of 30 years pursuant to Ordinance 1084. He sought a declaration that Ordinance 1084 was preempted by California law. He also sought his costs of suit. Harrison declared that he estimated his loss at $20,000 each year if he was unable to rent his property due to potential liability regarding the City's "unreasonable and unlawful age restriction." At no time did Harrison alleged a violation of Government Code section 65008, which prohibits any zoning or planning action by a local government that denies any individual or group the enjoyment of residence, landownership or any other land use because of sex, age, race, etc. Harrison submitted a declaration from another Rancho Mirage homeowner who also declared she was impacted by Ordinance 1084.

Harrison attached a copy of Ordinance 1084 and Rancho Mirage Municipal Code section 3.25. Section 3.25 set forth a regulatory program that was intended to mitigate

the secondary negative effects of the use of privately owned residential dwellings as vacation rentals. Ordinance 1084 amended that section and defined the term "Responsible person" as "an occupant of a vacation rental unit who is at least twenty-one ***thirty (30)*** years of age who is ***shall be*** legally responsible for ensuring that all occupants of the vacation rental unit and/or their guests comply with all applicable laws, rules and regulations pertaining to the use and occupancy of the subject vacation rental unit." Ordinance 1084 also provided that prior to occupancy of a vacation rental, the owner must require the responsible person to execute a formal acknowledgement that he or she is legally responsible for compliance by all occupants with all applicable rules, laws, and regulations.

    B.    <u>DEMURRER</u>

The City filed its demurrer to the Complaint on October 17, 2014 (Demurrer). It contended that as a matter of law the Unruh Act did not apply, and Harrison failed to state sufficient facts to support his cause of action. The City insisted that the Unruh Act did not apply to municipal legislation. They cited to *Qualified Patients Association v. City of Anaheim* (2010) 187 Cal.App.4th 734 (*Qualified Patients*) and *Burnett v. San Francisco Police Department* (1995) 36 Cal.App.4th 1177 (*Burnett*). The City requested the trial court take judicial notice of California Constitution Article XI section 5; the City of Rancho Mirage Charter; Ordinance 1084; Rancho Mirage Municipal Code section 3.25; and copies of *Qualified Patients* and *Burnett.*

The City noted that Harrison had sought a temporary restraining order, which was denied on September 3, 2014. Harrison also sought a preliminary injunction; oral

6

argument was heard (which has not been made part of the record) on the preliminary injunction on October 10, 2014, and the matter was taken under submission.

The City clarified that Ordinance 1084 did not prohibit all persons under the age of 30 years from occupying a vacation rental. It only required that one responsible person over the age of 30 years sign a contract with the owner of the property. Further, the City argued that Ordinance 1084 was not preempted by general state law because the City was a charter city under the California Constitution, Article XI section 5. Ordinance 1084 was enacted within the City's police power to preserve the public peace, safety, morale and health. Ordinance 1084 was enacted to minimize the negative secondary effects of vacation rentals. It was reasonably related to the public welfare and legitimate government interest. Additionally, the City contended that the City was not a business establishment subject to the restrictions of the Unruh Act.

C.      OPPOSITION TO DEMURRER TO COMPLAINT AND REPLY

Harrison filed his opposition to the Demurrer to the Complaint (Opposition) on November 5, 2014. Harrison insisted that despite Ordinance 1084 allowing occupants under the age of 30 years in vacation rentals, it still required that the responsible person be present.

Harrison averred that Ordinance 1084 required him to violate California law. Again, Harrison argued that his vacation rental was a "business establishment" because he paid TOT, and based merely on the nature of the rentals. Harrison noted that the California Supreme Court has held that age restrictions by those offering public accommodations are a violation of the Unruh Act.

7

Harrison stated that while Rancho Mirage was a charter city, California law recognized state legislative supremacy over matters that were not municipal affairs, but instead, statewide concerns. Whether the age restriction here was a municipal concern or statewide concern was based on the facts and circumstances of the case. Harrison argued he had alleged sufficient facts that age restriction discrimination was a statewide concern, and not a municipal concern within the police power of the City. Harrison argued for the first time that Government Code section 65008 applied.

Harrison clarified that because his vacation rental was a business establishment Ordinance 1084 violated the Unruh Act, not that the City was a business establishment. Harrison faulted *Qualified Patients* and *Burnett* for not considering Government Code section 65008. Harrison noted the California Supreme Court had recognized that the state Legislature has enacted specific legislation allowing age restrictions (including a minimum age to drive and a minimum age to drink) that were exempted from the Unruh Act. Harrison argued that the City had no constitutional or statutory authority to allow it to exempt short-term vacation rentals from the Unruh Act. Harrison also submitted a request for judicial notice of *Gibson v. County of Riverside* (C.D.Cal. 2002) 181 F.Supp.2d 1057 (*Gibson*).

On November 12, 2014, the City filed a reply to the Opposition (Reply). First, the City noted that Harrison would not be liable for a civil suit under the Unruh Act for following Ordinance 1084. The City relied upon section 51, subdivision (c), that a private party cannot sue a business establishment that is following the law. The City again reiterated that *Burnett* was right on point.

8

The City also criticized Harrison for relying on Government Code section 65008 for the first time in its Opposition. The City also argued that Government Code section 65008 was limited to planning and zoning; Harrison failed to allege that Ordinance 1084 was either a planning or zoning ordinance.

The City further contested Harrison's argument that section 52, which uses the words "whoever" and "any person or group of persons" expands section 51 to anyone who violates the Unruh Act. The City contended the plain language of section 51 applied only to business establishments. The City also noted that the cases relied upon by Harrison were federal court cases, which were not binding authority. Moreover, the cases were rejected by the California appellate courts.

The City also noted that Harrison raised the claim for the first time in the Opposition that Ordinance 1084 violated section 5 of Article XI of the California Constitution. In the Complaint, he referred to Section 7. Further, there was no conflict because municipal legislation is not a business establishment under the Unruh Act. Further, age classification is only subject to rational basis review.

D.      TENTATIVE RULING

The trial court issued a tentative ruling on November 18, 2014. The trial court reviewed the findings in *Burnett* and *Qualified Patients*. It found, "Because the terms of the Unruh Act expressly apply to 'business establishments,' we see no room for its application to the city's legislative action here." It found *Burnett* persuasive and rejected *Gibson.* It found, "*Qualified Patients* and *Burnett* make clear that the Unruh Act does not

9

apply to a city when it is engaged in its legislative function. Therefore the Unruh Act does not apply to the City's adoption of Ordinance 1084."

The trial court additionally found, "In opposition, plaintiff relies heavily on Government Code section 65008 for the proposition that Ordinance 1084 is invalid. . . . The court places no weight on that argument for two reasons. First, it is not alleged in the complaint as a basis for invalidating Ordinance 1084. Second, [Government Code] section 65008 applies 'to any action pursuant to this title', thereby limiting its reach to Title 7 of the Government Code, Planning and Land Use, and plaintiff fails to alleged facts showing that Ordinance 1084 constitutes a planning or zoning ordinance."

E.     HEARING ON DEMURRER

The matter was heard on November 19, 2014, after the court issued its tentative ruling. Harrison's counsel clarified that it disagreed with the conclusions in *Burnett* and *Qualified Patients*. Harrison's counsel also argued that this was a zoning issue and fell within the dictates of Government Code section 65008. Harrison's counsel argued that the vacation rental ordinance deals with the zoning of commercial properties in a residential zone. Ordinance 1084 fell within Government Code section 65008. Further, the trial court's conclusion that the City was not subject to the Unruh Act, because it was not a business establishment, defied logic.

The trial court asked Harrison's counsel if he wanted leave to amend the Complaint to add the claim that Ordinance 1084 violated Government Code section 65008. Harrison's counsel stated, "Well I don't know—interestingly enough, leave to amend would just change the wording in the complaint." Harrison's counsel believed it

10

came down to the same issue as to whether the City had the authority to invalidate part of the Unruh Act. Harrison stated that the City did not have the authority to require a homeowner to violate the law.

Harrison's counsel stated, ". . . I don't know if amending the complaint's going to fix that problem. It just delays getting it in front of the Appellate Court." The trial court stated, "What I'm going to do, then, is stick with my tentative to sustain without leave to amend. And if the case proceeds further, you'll get a decision from the Appellate Court. Does that work?" Harrison's counsel stated, "Yes, Your Honor. Thank you."

The order granting the Demurrer was entered on December 2, 2014.

## DISCUSSION

### A. STANDARD OF REVIEW

"On appeal from an order of dismissal after an order sustaining a demurrer, the standard of review is de novo: we exercise our independent judgment about whether the complaint states a cause of action as a matter of law. [Citation.] First, we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context. Next, we treat the demurrer as admitting all material facts properly pleaded. Then we determine whether the complaint states facts sufficient to constitute a cause of action. [Citations.] [¶] We do not, however, assume the truth of contentions, deductions, or conclusions of law." (*Stearn v. County of San Bernardino* (2009) 170 Cal.App.4th 434, 439-440; see also *Mendoza v. Town of Ross* (2005) 128 Cal.App.4th 625, 631 ["We affirm if any ground offered in support of the demurrer was well taken but find error if the plaintiff has stated a cause of action under any possible legal theory. [Citations.] We

11

are not bound by the trial court's stated reasons, if any, supporting its ruling; we review the ruling, not its rationale"].)

When the trial court has sustained a demurrer, we must determine whether the complaint sets forth facts sufficient to constitute a cause of action. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) If a demurrer is sustained without leave to amend, we determine whether there is a "reasonable possibility that the defect can be cured by amendment: if it can be, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. [Citations.] The burden of proving such reasonable possibility is squarely on the plaintiff." (*Ibid*.)

B.      UNRUH ACT

Harrison essentially contends that *Qualified Patients* and *Burnett* were wrongly decided, and that the trial court erred by relying on these cases in granting the City's demurrer. He insists that Ordinance 1084 requires him to violate the Unruh Act by discriminating on the basis of age.

The Unruh Act, codified at section 51 et seq., prohibits arbitrary discrimination in California business establishments on the basis of specified classifications. (§ 51.) "The [Unruh] Act expresses a state and national policy against discrimination on arbitrary grounds. [Citations.] Its provisions were intended as an active measure that would create and preserve a nondiscriminatory environment in California business establishments by 'banishing' or 'eradicating' arbitrary, invidious discrimination by such establishments." (*Angelucci v. Century Supper Club* (2007) 41 Cal.4th 160, 167.)

12

Section 51 generally provides: "All persons within the jurisdiction of this state are free and equal, and no matter what their sex, race, color, religion, ancestry, national origin, disability, medical condition, genetic information, marital status, or sexual orientation are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." (§ 51, subd. (b).) Although section 51 of the Unruh Act does not include age as a category, section 51.2 specifically prohibits discrimination in housing on the basis of age, by providing that section 51 "shall be construed to prohibit a business establishment from discriminating in the sale or rental of housing based upon age." (§ 51.2, subd. (a).) Section 51.2 was intended to establish and preserve accessible housing for senior citizens and, within the parameters outlined in sections 51.2 and 51.3, to preclude such senior housing from the general proscription against age-based discrimination in section 51. (*Colony Cove Associates v. Brown* (1990) 220 Cal.App.3d 195, 199-200.)

The Unruh Act includes an enforcement provision that authorizes individual actions. Section 52, subdivision (a) provides that "[w]hoever denies, aids or incites a denial, or makes any discrimination or distinction contrary to Section 51, 51.5, or 51.6 [the Gender Tax Repeal Act], is liable for each and every offense for the actual damages, and any amount that may be determined by a jury, or a court sitting without a jury, up to a maximum of three times the amount of actual damage but in no case less than four thousand dollars ($4,000), and any attorney's fees that may be determined by the court in addition thereto, suffered by any person denied the rights provided in Section 51, 51.5, or 51.6."

13

The determination of what constitutes a "business establishment" under the Unruh Act is an oft-litigated issue. In *Curran v. Mount Diablo Council of the Boy Scouts* (1998) 17 Cal.4th 670, 696, the high court noted, "[T]he Legislature chose to bring within the reach of the [Unruh] Act 'all business establishments of every kind whatsoever.' . . . [T]his language indicates that the term 'business establishments' must properly be interpreted 'in the broadest sense reasonably possible' [citation]." In *Curran*, despite recognizing that section 51 must be broadly interpreted, the California Supreme Court determined that the Boys Scouts of America was not a business establishment based on its charitable, expressive and social organization, and whose "formation and activities are unrelated to the promotion or advancement of the economic or business interests of its members." (*Curran*, at p. 697.) It also noted that the Boy Scouts were not a "traditional place of public accommodation or amusement." (*Id*. at pp. 699-700.)

In *Randall v. Orange County Council* (1998) 17 Cal.4th 736, the Orange County Council of the Boy Scouts of America refused to advance the membership of two boys who did not want to participate in the religious aspects of the organization. (*Id.* at pp. 738-739.) The court concluded that the attributes and activities rendered the Unruh Act inapplicable to the Boy Scouts membership decisions. It held that the Boy Scouts "not only is a charitable organization with a predominantly expressive social purpose unrelated to the promotion of the economic interests of its members, but offers to its members a program that is not the equivalent of a traditional place of public accommodation or amusement. Despite the organization's limited business transactions with the public, defendant does not sell the right to participate in the activities it offers to

14

its members.  For these reasons, with regard to its membership decisions, defendant is not operating as a business establishment within the purview of California's public accommodation statute." (*Id.* at p. 744.)  These cases illustrate that not all actions taken by every person or group in the state of California constitutes a violation of the Unruh Act, and not all groups are considered business establishments.

In *Burnett*, *supra*, 36 Cal.App.4th 1177, cabaret owners and patrons under the age of 21 brought an action for declaratory and injunctive relief against the city, police department and police chief of San Francisco challenging the enforceability of a city ordinance restricting persons between the ages of 18 and 20 years from the premises of after-hours clubs.  (*Id*. at pp. 1181-1182.)  The *Burnett* court found no authority that "the [Unruh] Act by its own terms or even by implication precludes governmental entities from enacting legislation which makes distinctions between adults on the basis of age.  By its plain language, the [Unruh] Act bars discrimination based on 'sex, race, color, religion, ancestry, national origin, or disability' by '*business establishments*.'  [Citation.] Nothing in the [Unruh] Act precludes *legislative bodies* from enacting ordinances which make age distinctions among adults." (*Id*. at pp. 1191-1192.)  Further, the *Burnett* court rejected the argument by the defendants that the ordinance required the cabarets to violate the Unruh Act.  It first quoted section 51, subdivision (c) in part:  "'This section shall not be construed to confer any right or privilege on a person which is *conditioned or limited by law*. . . .'" (*Burnett*, at p. 1192.)  It then held, "[s]imply put, appellants . . . may not be held accountable under the [Unruh] Act for following the dictates of [the ordinance] which 'limit[s]' access to their establishment 'by law.'" (*Ibid*.)

15

After *Burnett*, a federal district court addressed the issue of an age restriction in housing by the County of Riverside. In *Gibson*, *supra*, 181 F.Supp.2d 1057, the County of Riverside zoned certain unincorporated areas of the County to allow age restrictions in housing to those 55 years and older. The homeowners contended this violated the Unruh Act. (*Id.* at p. 1060, 1084.) The County of Riverside responded that the Unruh Act did not restrict its power to impose rules and regulations based on age because it was not a business establishment. (*Id.* at p. 1089.) The court rejected the argument. It found that based on the language of section 51, that section only defined "who" is protected and "where" they shall be free from discrimination, which was in all business establishments. It found that section 52 defined "what" persons were liable for such discrimination. The court concluded that "the text of section 52 makes clear that persons and entities who are not themselves 'business establishments' are subject to the prohibitions imposed by section 51." (*Id.* at p. 1090.)

The *Gibson* court criticized the *Burnett* court for finding that the plain language of section 51 did not preclude legislative bodies from enacting ordinances that make age distinctions among adults. It stated, "This Court might agree with the *Burnett* court's conclusions if the plain language of Section 51 was set forth as the *Burnett* court set it forth. However, even though the *Burnett* court purported to rely on the 'plain language' of section 51, it significantly changed the meaning of section 51 when it replaced the words 'in all business establishments' with the words 'by "business establishments."'" (*Gibson*, *supra*, 181 F. Supp.2d at p. 1093.)

16

After *Gibson*, another appellate court addressed a city ordinance that imposed criminal penalties for the operation of a medical marijuana dispensary. In *Qualified Patients*, *supra*, 187 Cal.App.4th 734, the plaintiff alleged that the City of Anaheim's ordinance violated the Unruh Act because it violated their civil rights. (*Id.* at pp. 741-742, 763.) The appellate court cited with approval the conclusion in *Burnett* that the city's enactment of legislation is not subject to the Unruh Act. The *Qualified Patients* court found that "Because a city enacting legislation is not functioning as a 'business establishment[],' we conclude the Unruh Act does not embrace plaintiffs' claims against the city for discrimination based on a disability or medical condition calling for the use of medical marijuana." (*Qualified Patients*, at p. 764.)

The *Qualified Patients* court also referred to *Gibson*. It found, "A federal district court, in [*Gibson*], has disagreed with Burnett on grounds that the Unruh Act forbids discrimination 'in all business establishments' and not just by 'business establishments.' We are not persuaded. First, the decisions of the lower federal courts are not binding precedent [citations], particularly on issues of state law. Second, while it is true that legislation may not immunize a business from Unruh Act claims for discrimination that occurs in that establishment [citation], it does not follow that enacting legislation, as here, transforms the governmental entity into a 'business establishment[]' that is subject to a lawsuit under the express terms of the [Unruh A]ct. [¶] Because the terms of the Unruh Act expressly apply to 'business establishments,' we see no room for its application to the city's legislative action here. Accordingly, we agree with *Burnett* and disagree with

17

*Gibson*. The Unruh Act does not apply to the city in the circumstances here . . . . " (*Id.* at pp. 764-765.)

We agree with the trial court and the cases of *Quailifed Patients* and *Burnett*. Here, the City was not acting as a business establishment. It was amending an already existing municipal code section to increase the minimum age of a responsible person from the age of 21 years to 30. The City was not directly discriminating against anyone and nothing in the plain language of the Unruh Act makes its provisions applicable to the actions taken by the City. Moreover, we need not follow *Gibson* because it is a federal court case and its criticisms of *Burnett* are not persuasive.

If we were to interpret "business establishments" to include the City's actions here it would render section 51, subdivision (c) meaningless. That section holds that, "This section shall not be construed to confer any right or privilege on a person that is conditioned or limited by law or that is applicable alike to persons of every sex, color, race, religion, ancestry, national origin, disability, medical condition, marital status. or sexual orientation . . . ."

For example, in *Lazar v. Hertz Corp.* (1999) 69 Cal.App.4th 1494, the court rejected the plaintiff's claim that imposing a minimum age requirement for car rentals violated the Unruh Act's ban against age discrimination. The *Lazar* court recognized that the Unruh Act must be liberally construed and generically bans age discrimination, but also recognized the Legislature had enacted statutes regulating vehicle rental agreements and concluded these statutes expressly approved the adoption of minimum age requirements by rental car agencies. (*Lazar*, at pp. 1502-1503.) The *Lazar* court

reasoned the "legislative regulation of vehicle rental agreements is more specific than the general antidiscrimination provisions of the [Unruh] Act [and] the [Unruh] Act specifically provides that it must not be construed to confer any right or privilege on a person which is otherwise conditioned or limited by law." (*Id.* at p. 1504). We refer to *Lazar* solely to show that the court recognized subdivision (c) of section 51 provides that a business establishment cannot be held responsible for following the law even if it was in violation of the Unruh Act. If the City could be considered a "business establishment" it does not make sense that section 51, subdivision (c) would allow it to create laws exempting itself from the Unruh Act.

Since we conclude that the City is not subject to the Unruh Act, we need not consider Harrison's additional argument that the City must have a compelling societal interest in exempting businesses from the requirements of the Unruh Act.

In considering the grant of the demurrer without leave to amend, we must consider whether the Complaint can be amended to state a cause of action. Further, "we are not limited to plaintiff['s] theory of recovery in testing the sufficiency of their complaint against a demurrer, but instead must determine if the factual allegations of the complaint are adequate to state a cause of action under any legal theory. The courts of this state have, of course, long since departed from holding a plaintiff strictly to the 'form of action' he has pleaded and instead have adopted the more flexible approach of examining the facts alleged to determine if a demurrer should be sustained." (*Barquis v. Merchants Collection* Assn. (1972) 7 Cal.3d 94, 103.)

In Harrison's reply brief to the Demurrer, he relied on Government Code section 65008 to support that Ordinance 1084 was invalid. Government Code section 65008, which is part of the general provisions of California's planning and land use law, contained in title 7 of the Government Code, provides that any planning or zoning action by a local governmental entity "is null and void if it denies to any individual or group of individuals the enjoyment of residence, landownership, tenancy, or any other land use in this state because of any of the following reasons: . . ." Among the reasons listed are race, sex, color, religion, ethnicity, national origin, ancestry, lawful occupation, familial status, disability or age of the individual or group of individuals. (Gov. Code, § 65008, subd. (a)(1).)

Here, the trial court would have allowed Harrison to amend the Complaint to add a claim under Government Code section 65008. Harrison did not amend the Complaint and chose to proceed solely upon the claim that Ordinance 1084 violated the Unruh Act. Harrison did not include facts in the Complaint alleging that Ordinance 1084, an amendment to the existing Rancho Mirage Municipal Code section 325, was a zoning and planning action by the City. Further, Harrison does not contend that the Complaint is susceptible to amendment. We conclude that the Complaint cannot now be amended to raise a claim under Government Code section 65008, especially considering Harrison

20

refused to amend the Complaint in the trial court.[3]  The trial court properly granted the

Demurrer without leave to amend.

## DISPOSITION

We affirm the trial court's order granting the Demurrer without leave to amend.

The City is awarded its costs on appeal.

CERTIFIED FOR PUBLICATION


MILLER_____
                                                                                                J.


We concur:


HOLLENHORST_____
                      Acting P. J.


McKINSTER_____
                         J.

---

**3**  We also note that Harrison did not allege in the trial court or this court that his federal constitutional rights were violated by Ordinance 1084.