Filed 3/3/16  Vaught v. Los Angeles Community College Dist. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| RONALD LEE VAUGHT, | B261931 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC544421) |
| v. | |
| LOS ANGELES COMMUNITY COLLEGE DISTRICT et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County. Michael L. Stern, Judge.  Affirmed.

Ronald Lee Vaught, in pro. per., for Plaintiff and Appellant.

Office of General Counsel, Los Angeles Community College District, Kevin D. Jeter, Anne L. Diga and Eric C. Kim, for Defendants and Respondents.

\*     \*     \*

Plaintiff-appellant Ronald Lee Vaught (Vaught) appeals the trial court's order sustaining a demurrer to his complaint against defendant-respondent Los Angeles Community College District (District)[1] without leave to amend. We conclude the court's order was correct and affirm.

**FACTS AND PROCEDURAL BACKGROUND**

We have attempted to piece together what happened in this case from the parties' briefs and from the portions of the record Vaught designated on appeal.

Vaught was a student at Los Angeles Valley College (the College), one of the District's colleges. At some point, he wrote the following message on a campus sidewalk with washable chalk: "USA Constitutional Amendments revision 2012 copywrited [sic] gender balanced by Ronald lee and Angela Marie Vaught". He was consequently suspended from the College following a hearing.

Vaught thereafter sued the District for compensatory and punitive damages. He used a form complaint, and left blank all of the boxes specifying which cause of action he was bringing. He added no facts to the form.

The District demurred, and the trial court sustained the demurrer without leave to amend because "[t]he [c]omplaint is devoid of facts."

After the trial court entered judgment for the District, Vaught timely appealed.

**DISCUSSION**

**I.      Waiver**

Vaught's opening and reply briefs contain no recitation of pertinent facts or the case's procedural history, contain no legal analysis, and do not cite the record; instead, his briefs largely set forth pleading allegations that appear nowhere in Vaught's complaint. These defects are significant enough to constitute a waiver of Vaught's

_____

[1]      Although defendant also names the "Campus Police of Los Angeles Valley College" as a defendant and respondent on appeal, campus security is provided by the Los Angeles Sheriff's Department (Department). Vaught did not name the Department as a defendant or serve them, so his complaint—and this appeal—involves only the District.

arguments on appeal. (*William Jefferson & Co., Inc. v. Orange County Assessment Appeals Board No. 2* (2014) 228 Cal.App.4th 1, 6, fn. 2 [finding "opening brief 'seriously defective' because it fails to provide either a statement of facts or a summary of the relevant procedural history"]; *In re S.C.* (2006) 138 Cal.App.4th 396, 408 [declining to consider brief that "present(s) (no) meaningful legal analysis supported by citations to authority and citations to facts in the record that support the claim of error"]; see generally, Cal. Rules of Court, rule 8.204(a)(2).) These minimum requirements for briefing—and the consequences of noncompliance—apply to self-represented litigants. (*Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247.)

## II.     Order Sustaining Demurrer Without Leave To Amend

We nevertheless elect to address the merits of Vaught's appeal. The trial court's decision to sustain the demurrer is reviewed de novo, and its decision to do so without leave to amend is reviewed for an abuse of discretion. (*Harrison v. City of Rancho Mirage* (2015) 243 Cal.App.4th 162, 171-172 (*Harrison*).)

### A.     *Sustaining demurrer*

A trial court may dismiss a complaint on demurrer if "[t]he pleading does not state facts sufficient to constitute a cause of action." (Code Civ. Proc., § 430.10, subd. (e).) Because Vaught's complaint alleges no facts and articulates no legal claim, the trial court correctly sustained the demurrer.

### B.     *Without leave to amend*

Whether a demurrer should be sustained with or without leave to amend turns on whether "there is a 'reasonable possibility that the defect [in the dismissed complaint] can be cured by amendment.'" (*Harrison*, *supra*, 243 Cal.App.4th at p. 172, quoting *Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) "'The burden of proving such reasonable possibility is squarely on the plaintiff.'" (*Ibid.*) Vaught has not—and cannot—sustain that burden.

Vaught has not articulated how he can amend his complaint. He offered no possible amendments to the trial court. And although a plaintiff may offer possible amendments for the first time on appeal (*Safe Life Caregivers v. City of Los Angeles* (2016) 243 Cal.App.4th 1029, 1041), he does not clearly do so. He instead cites several

3

provisions of the Education Code, but those provisions apply solely to K-12 students, not community college students. (See, e.g., Educ. Code, §§ 48900.5, 48909 & 48911.) Vaught's briefs also cite the First Amendment and related authority, and set forth pleading-like allegations, including allegations for a cause of action under 42 U.S.C. § 1983.

Even if we liberally construe Vaught's brief as an argument that it is possible for him to amend his complaint to allege such claims, his entire action is procedurally barred. Where, as here, a party is challenging an issue decided in an administrative proceeding that involved an administrative hearing, the party must challenge that proceeding through a petition for a writ of mandate; he or she may not immediately sue for damages in a separate civil suit. (*Gupta v. Stanford University* (2004) 124 Cal.App.4th 407, 411 ["(t)he doctrine of exhaustion of judicial remedies precludes an action that challenges the result of a quasi-judicial proceeding unless the plaintiff first challenges the decision through a petition for a writ of mandamus"]; *Pomona College v. Superior Court* (1996) 45 Cal.App.4th 1716, 1719-1720 ["mandamus review is the exclusive remedy" and mandates the sustaining of a demurrer to a civil suit]; see generally, Code Civ. Proc., § 1094.5, subd. (a).) The reason for this is simple: "[U]nless a party to a quasi-judicial . . . proceeding challenges the agency's adverse findings made in that proceeding, by means of a mandate action in superior court, those findings are binding in later civil actions." (*Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 69-70.)

Community college students may be suspended only after they are accorded a hearing before an administrative tribunal. (Educ. Code, §§ 76030 ["(t)he suspension . . . of a student shall be accompanied by a hearing conducted pursuant to the requirements of (Education Code) Section 66017"], 66017 [defining administrative tribunal to review "disciplinary action(s) against any student"].) Vaught admits that he had such a hearing. Because Vaught nowhere alleges or states that he filed a writ of mandate challenging the outcome of the administrative proceedings, and at oral argument admitted that he had not, his civil suit for damages is barred as a matter of law.

4

**DISPOSITION**

The judgment is affirmed. The District is entitled to its costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
HOFFSTADT

We concur:

_____, Acting P.J.
ASHMANN-GERST


_____, J.
CHAVEZ


5